IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIO ACOSTA,

    Plaintiff,

vs.                                                      No. 15-CV-962 JAP/LAM

COUNTY OF SOCORRO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On October 26, 2015, Plaintiff Julio Acosta filed this employment discrimination lawsuit. *See* COMPLAINT FOR DISCRIMINATION AND RETALIATION (Doc. No. 1). When almost five months passed without Plaintiff serving Defendant County of Socorro, the Honorable Lourdes A. Martinez, the magistrate judge assigned to the case, issued an ORDER TO SHOW CAUSE (Doc. No. 6) noting that service was untimely and requiring Plaintiff to serve Defendant within 30 days or provide a written explanation showing good cause why service had not been accomplished. Judge Martinez warned Plaintiff that failure to abide by this order would result in the dismissal of Plaintiff's claims without prejudice under Fed. R. Civ. P. 4(m). The Court waited 57 days without hearing from Plaintiff. Because Plaintiff did not timely respond to the order to show cause, on May 17, 2016, the Court dismissed the case without prejudice under Fed. R. Civ. P. 4(m) for lack of service. *See* ORDER OF DISMISSAL (Doc. No. 8).

Less than one month later, Plaintiff filed a one-page MOTION FOR REINSTATEMENT (Doc. No. 9) asking the Court to reopen the case. The Court construes this motion as a motion to reconsider the dismissal of the case.

1

The rules of civil procedure allow a party to object to an order of dismissal through either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). If a motion is timely under both rules, as is the case here, "how [the court] construe[s] it depends upon the reasons expressed by the movant." *Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Here, the only ground Plaintiff has provided for reconsideration is his assertion that he attempted to effect service on Defendant on December 17, 2015, but the process server accidentally served the wrong authority. The Court will treat this request as a Rule 59(e) request for reconsideration in order to prevent manifest injustice – the dismissal of the case despite Plaintiff's good faith efforts to timely effect service. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) (a court may grant reconsideration under Rule 59(e) when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice").[1] The Court will grant the request. While responsibility for the dismissal of this case lies squarely on the shoulders of Plaintiff's counsel for (1) failing to timely serve Defendant, (2) failing to timely request an extension of the service deadline when the Court brought the error to her attention, and (3) failing to respond to the Court's order to show cause, the Court does not feel it would be equitable to penalize Plaintiff for these failures by Plaintiff's counsel. Rule 4(m) allows courts discretion to extend the time for service even in the absence of good cause. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("A plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be

---

[1] "[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional [and specified] circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *see also* Fed. R. Civ. P. 60(b) (enumerating circumstances were relief from a judgment is available). Plaintiff has not made any showing that such circumstances are present.

granted a permissible extension of time within the district court's discretion."). In order to protect Plaintiff from the effects of his counsel's errors, the Court will exercise this discretion to reopen the case and grant an extension of time to serve Defendant.

IT IS THEREFORE ORDERED THAT:

1. MOTION FOR REINSTATEMENT (Doc. No. 9) is GRANTED.

2. The May 17, 2016 ORDER OF DISMISSAL (Doc. No. 8) is vacated and the case reopened.

3. Plaintiff must serve Defendant by July 1, 2016. If Plaintiff does not effectuate service by this date, the Court will dismiss the case without prejudice under Rule 4(m).

4. Plaintiff's counsel must provide Plaintiff with a copy of this order so that Plaintiff is aware of the potentially adverse effects of failing to complete service by the July 1, 2016 deadline.

_____
SENIOR UNITED STATES DISTRICT JUDGE