IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIO ACOSTA,

    Plaintiff,

vs.                                                  No. 15-CV-962 JAP/LAM

COUNTY OF SOCORRO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

In its MOTION TO DISMISS FOR IMPROPER PARTY AND IMPROPER SERVICE (Doc. No. 13) ("Motion"), Defendant County of Socorro asks the Court to dismiss Plaintiff Julio Acosta's employment discrimination lawsuit because (1) Plaintiff has not properly served Defendant and (2) Plaintiff improperly sued Defendant as the "County of Socorro" rather than the "Board of County Commissioners of the County of Socorro" as required by state law. Plaintiff filed a two-page response acknowledging his failure to properly serve Defendant, but opposing the Motion and requesting permission to "re-attempt service" on Defendant. *See* PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (Doc. No. 14). Given the age of the case, Defendant opposes Plaintiff's request for another opportunity to timely effect serivce. *See* REPLY TO MOTION TO DISMISS FOR IMPROPER PARTY AND IMPROPER SERVICE (Doc. No. 16). Because the Court agrees that it would not be fair or proper to further extend the service deadline, the Court will grant Defendant's Motion.

**Background**

On October 26, 2015, Plaintiff Julio Acosta filed this Title VII, 42 U.S.C. § 2000e-2, lawsuit against his former employer Defendant County of Socorro. *See* COMPLAINT FOR

1

DISCRIMINATION AND RETALIATION (Doc. No. 1). When almost five months passed without Plaintiff serving Defendant County of Socorro, the Honorable Lourdes A. Martinez, the magistrate judge assigned to the case, issued an ORDER TO SHOW CAUSE (Doc. No. 6) noting that service was untimely and requiring Plaintiff to serve Defendant within 30 days or provide a written explanation showing good cause why service had not been accomplished. Judge Martinez warned Plaintiff that failure to abide by this order would result in the dismissal of Plaintiff's claims without prejudice under Fed. R. Civ. P. 4(m). The Court waited 57 days without hearing from Plaintiff. Because Plaintiff did not timely respond to the order to show cause, on May 17, 2016, the Court dismissed the case without prejudice under Fed. R. Civ. P. 4(m) for lack of service. *See* ORDER OF DISMISSAL (Doc. No. 8).

Less than one month later, Plaintiff filed a one-page MOTION FOR REINSTATEMENT (Doc. No. 9) asking the Court to reopen the case. The Court construed this motion as a motion to reconsider the dismissal of the case. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 10). Despite its concerns about Plaintiff's counsel's dilatory conduct, the Court granted the motion to reconsider, reopened the case, and extended the period for Plaintiff to serve Defendant. *Id.* at 2-3. The Court, however, made it quite clear that Plaintiff's counsel had not provided good cause for the failure to timely serve Defendant and that the Court was only granting the motion to reconsider to "protect Plaintiff from the effects of his counsel's errors." *Id.* at 3. As the Court explained:

> While responsibility for the dismissal of this case lies squarely on the shoulders of Plaintiff's counsel for (1) failing to timely serve Defendant, (2) failing to timely request an extension of the service deadline when the Court brought the error to her attention, and (3) failing to respond to the Court's order to show cause, the Court does not feel it would be equitable to penalize Plaintiff for these failures by Plaintiff's counsel.

*Id.* at 2. Consequently, the Court invoked its discretion under Fed. R. of Civ. P. 4(m) to extend the time for service to July 1, 2016 despite the absence of good cause. The Court, however, warned Plaintiff's counsel that the Court would dismiss the case without prejudice if Plaintiff failed to serve Defendant by this date. *Id.* at 3. Moreover, to ensure that Plaintiff was aware of the potentially adverse effects of failing to abide by this deadline, the Court ordered Plaintiff's counsel to provide Plaintiff with a copy of the June 8, 2016 MEMORANDUM OPINION AND ORDER (Doc. No. 10) reopening the case. *Id.*

On June 21, 2016, thirteen days after the entry of the Court's order, Plaintiff filed a PROOF OF SERVICE (Doc. No. 11) indicating that he served Defendant on June 20, 2016. The PROOF OF SERVICE (Doc. No. 11) states that service was accomplished by handing a copy of the summons to Stephanie Martinez, a person allegedly designed by law to accept service of process on behalf of the County of Socorro. *Id.* at 2. On July 11, 2016, Defendant entered its appearance and filed the present Motion asserting, *inter alia*, that service on Stephanie Martinez, a receptionist in the office of the County Manager, did not effectuate service on Defendant County of Socorro. Defendant also complains that Plaintiff is required to sue the county in the name of the board of county commissioners. For both of these reasons, Defendant requests the dismissal of Plaintiff's lawsuit without prejudice under Fed. R. of Civ. P. 4(m) and NMSA § 4-46-1.

## Discussion

Plaintiff concedes that he did not properly serve Defendant by the court-imposed deadline of July 1, 2016. This is correct. The Federal Rules of Civil Procedure contain two options for serving a state-created governmental organization: (1) delivering a copy of the summons and complaint to the organization's chief executive officer or (2) serving a copy of the summons and

complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2). Under New Mexico law, a plaintiff must serve a county "by serving a copy of the process to the county clerk." NMRA, Rule 1-004(H)(1)(f); *see also* NMSA § 4-46-2. According to the website for the County of Socorro, the "Socorro County Clerk is Rebecca Vega, who is serving her second four-year term through 2016."[1] The Socorro County Manager, the chief executive officer of the County, is Delilah Walsh, "a native Socorroan, who was appointed on January 5, 2009."[2] It is undisputed that Plaintiff failed to serve either Rebecca Vega, the county clerk, or Delilah Walsh, the county manager, as required by Fed. R. of Civ. P. 4(j)(2).

Plaintiff also admits that he accidently sued Defendant as the "County of Socorro" when he should have sued Defendant as the "Board of County Commissioners for the County of Socorro" in accordance with NMSA § 4-46-1, which provides: "In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of . . . . . . . . . ."

Plaintiff argues, however, that neither mistake warrants dismissal of the complaint. Instead, Plaintiff confusingly states that he:

> is filing a Motion to Amend [his] Complaint for Discrimination and Retaliation to add the County of Socorro Board of Commissioner [sic] individually and the Socorro County Clerk pursuant to Rule 1-004(H)(1)(f) NMRA 2005 and NMSA 1978, § 4-46-1 and 4-46-2.

Furthermore, Plaintiff asks the Court to quash service on Defendant and allow Plaintiff another opportunity to complete service, presumably with Defendant correctly named in the complaint. The Court agrees that dismissal is not an appropriate remedy for Plaintiff's failure to properly name Defendant in the complaint. Plaintiff could easily fix the misnomer, without prejudice to

---

[1] http://www.socorrocounty.net/elected/clerk (last visited July 28, 2016).
[2] http://www.socorrocounty.net/departments/manager (last visited July 28, 2016).

Defendant, simply by filing an amended complaint updating the caption and use of Defendant's name.[3] *See* FED. R. CIV. P. 15(a)(1)(B) (allowing a Plaintiff to amend a pleading as a matter of course within 21 days of the defendant filing a motion to dismiss in lieu of an answer). The Court considers Plaintiff's failure to timely and properly serve Defendant the real and key issue presented in Defendant's Motion.

In his Response, Plaintiff does not acknowledge the significance of this failure. Plaintiff insists that he can effectuate proper service and asks the Court to allow him "to re-attempt service." Response at 1-2. The problem that Plaintiff fails to recognize is that the Court's firmly imposed deadline for service has passed. In effect, Plaintiff is requesting yet another extension of the time period to serve Defendant without making any showing that such an extension is equitable or justified.

Federal Rule of Civil Procedure 4(m) sets forth the procedure for a district court to follow when a plaintiff fails to timely serve a defendant:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). A district court considering a request for an extension of the service deadline under Rule 4(m) must first consider whether plaintiff has shown good cause for the requested extension.

> If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must [then] consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

---

[3] In fact, consistent with his Response, on July 28, 2016, Plaintiff filed a motion to amend the complaint to sue the Board of County Commissioners for the County of Socorro. *See* PLAINTIFFS MOTION TO AMEND COMPLAINT FOR DISCRIMINATION AND RETALIATION AND TO ADD ADDITIONAL DEFENDANTS (Doc. No. 15).

*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). In this case, the Court has already granted Plaintiff two permissive extensions of the service deadline under this framework. *See* ORDER TO SHOW CAUSE (Doc. No. 6) (extending service period until April 20, 2016) and MEMORANDUM OPINION AND ORDER (Doc. No. 10) (extending service deadline until July 1, 2016).

Plaintiff has not made any attempt to show that good cause exists for granting a third and mandatory extension of the service deadline. Nor do the facts presented to the Court support such a finding. The Tenth Circuit Court of Appeals has opined that establishing good cause for a mandatory extension of the service deadline under Rule 4(m) is a "high hurdle" to clear. *Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014). As the Court of Appeals has explained, "[t]he 'good cause' provision of Rule 4. . . should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). Plaintiff, however, has been far from meticulous in his efforts to serve Defendant.

Plaintiff failed to serve Defendant within the time period set by Rule 4(m). The Court brought this error to Plaintiff's attention and extended the service deadline. However, Plaintiff did not timely respond to the Court's ORDER TO SHOW CAUSE (Doc. No. 6) and did not serve Defendant within the extended deadline. In fact, Plaintiff did nothing to prosecute this lawsuit until after the Court dismissed the case for lack of service under Rule 4(m). Plaintiff has

never provided any justification for this extreme carelessness.[4] Nonetheless, the Court reopened the case and extended the time for service to July 1, 2016 to allow Plaintiff a final opportunity to pursue the case on the merits. Despite the Court's explicit warnings, Plaintiff failed to properly serve Defendant by the July 1, 2016 deadline. While Plaintiff's botched attempt at service provided Defendant with notice of the lawsuit, Plaintiff acknowledges that this is not effective service. Yet, Plaintiff provides no justification for his misunderstanding of the service rules and his failure to complete service within the court deadline. In short, Plaintiff has adopted a lackadaisical approach to the service requirements, resulting in nine months passing without the service of Defendant and the true commencement of the lawsuit. Good cause simply does not exist to further extend the service period. *See Murphy*, 556 F. App'x 664, 668 (neither inadvertence nor failure "to monitor a hired process server and ensure timely service" constitute good cause for extending the service deadline).

Nor is the Court inclined to grant a third permissive extension of the service deadline. The Court has given Plaintiff multiple opportunities to serve Defendant. But, Plaintiff has not taken advantage of these opportunities and has not provided any explanation for his most recent failure to abide by the straightforward Rule 4(j) service requirements. Moreover, the Court has twice warned Plaintiff about the potential adverse consequences of failing to serve Defendant. *See* ORDER TO SHOW CAUSE (Doc. No. 6) and MEMORANDUM OPINION AND ORDER (Doc. No. 10). Most recently, in its June 5, 2016 MEMORANDUM OPINION AND ORDER

---

[4] In his MOTION FOR REINSTATEMENT (Doc. No. 9), Plaintiff asserted that he had attempted to effect service on Defendant on December 17, 2015, but the process server accidently served the wrong authority. The Court does not, however, consider this as an acceptable justification for Plaintiff's counsel's failure to timely serve Defendant. First, Plaintiff did not provide any evidence to support the claim that he attempted to serve Defendant in December 2015. As a result, the Court does not know who Defendant served or whether this attempt constituted a good faith effort to serve Defendant. Second, Plaintiff did not timely file an affidavit of service with the Court documenting this attempt. Third, Plaintiff's counsel's failed attempt to serve Defendant does not justify her disregard of the Court's ORDER TO SHOW CAUSE (Doc. No. 6).

(Doc. No. 10), the Court warned Plaintiff that failure to timely serve Defendant by July 1, 2016 would result in the dismissal of the lawsuit without prejudice. To ensure that Plaintiff personally received notice of this warning, the Court ordered Plaintiff's counsel to provide Plaintiff with a copy of the order. None of these warnings has had the desired effect.

The Court acknowledges that a permissive extension of the service deadline may be appropriate in cases like this one where, "the applicable statute of limitations would bar the refiled action." *See Espinoza*, 52 F.3d at 842 (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)). However, the Court has determined that other considerations, including those outlined above, outweigh the preference for resolving a plaintiff's case on the merits. Here, the Court has already twice exercised its discretion to permissively extend the service deadline to protect Plaintiff from his counsel's errors and to allow the pursuit of his otherwise time-barred claims. The Court cannot indefinitely extend the service deadline or direct Plaintiff's counsel through the litigation process. Unfortunately, the Court has no confidence that granting a third extension will result in Plaintiff properly serving Defendant within the required timeframe. Plaintiff's counsel has repeatedly missed court deadlines without excuse. Furthermore, by her own account, Plaintiff's counsel has twice served the wrong person in an attempt to serve Defendant.

In summary Plaintiff's counsel's complete lack of diligence, disregard of court orders, and general failure to provide any reasonable explanation for failing to timely serve Defendant strongly counsel against granting yet another permissive extension of service deadline. *See Mark v. N. Navajo Med. Ctr.*, 631 F. App'x 514, 516 (10th Cir. 2015) (holding that district court properly declined to permissively extend the service deadline where (1) the plaintiff did not serve Defendant within five months of filing the complaint, (2) plaintiff failed to respond to an order to

show cause regarding the lack of service, (3) plaintiff provided no reason for the lack of timely service, and (4) the court had already granted one permissive extension). The Court, therefore, declines to permissively extend the service deadline. The Court will grant Defendant's motion to dismiss without prejudice.

IT IS THEREFORE ORDERED THAT:

1. MOTION TO DISMISS FOR IMPROPER PARTY AND IMPROPER SERVICE (Doc. No. 13) is GRANTED.

2. By separate order, the Court will dismiss the lawsuit without prejudice under Federal Rule of Civil Procedure 4(m).

_____
SENIOR UNITED STATES DISTRICT JUDGE